# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **HEYDER GALARZA,** : | CIVIL NO. 3:08-CV-1121 |
| Petitioner, : | |
| : | (Judge Munley) |
| v. : | |
| **PA BOARD OF PROBATION AND** : | |
| **PAROLE, et al.,** : | |
| Respondents : | |

## MEMORANDUM

Heydar Galarza ("Galarza"), a Pennsylvania state inmate serving a sentence imposed by the Court of Common Pleas of Philadelphia County, Pennsylvania, filed this petition for writ of habeas corpus on June 12, 2008, pursuant to 28 U.S.C. § 2254, challenging the denial of parole. (Doc. 1). Named as respondents are the Pennsylvania Board of Probation and Parole (PBPP) and Superintendent Shannon, Superintendent of the State Correctional Institution at Frackville, Pennsylvania, where Galarza is presently incarcerated. For the reasons that follow, his request for habeas relief will be denied.

I. Background

In 2003, Galarza was arrested in Philadelphia, Pennsylvania, and charged with aggravated assault, 18 PA.CONS. STAT. § 2702, attempt to commit rape, 18 PA.CONS. STAT. §§ 901, 2131, and recklessly endangering another person, 18 PA.CONS. STAT. § 2705, *inter alia*. (Doc. 12, at 17.) Following a jury trial, he was convicted on October 18, 2004, of criminal attempt to commit rape, 18 PA.CONS. STAT. §§ 901, 2131. On January 20, 2005, he

was sentenced to four to ten years incarceration on the attempted rape charge with a minimum date of September 19, 2008, and a maximum of September 19, 2014. (Doc. 12, at 20.) All other charges were *nolle prossed* at sentencing.

He was first considered for parole in May 2008. In refusing to grant parole, the PBPP stated as follows:

> Following an interview with you and a review of your file, and having considered all matters required pursuant to the Parole Act, the Board of Probation and Parole, in the exercise of its discretion, has determined at this time that: your best interests do not justify or require you being paroled/reparoled; and, the interests of the Commonwealth will be injured if you were paroled/reparoled. Therefore, you are refused parole/reparole at this time. The reasons for the Board's decision included the following:
>
>> Your interview with the hearing examiner and/or board member.
>>
>> Other factors deemed pertinent in determining that you should not be paroled: you have gained very limited value from your sex offender treatment.
>>
>> You will be reviewed in or after February, 2009, or earlier, if recommended by the Department of Corrections/County Prison Staff.
>
> At your next interview, the board will review your file and consider:
>
>> Whether you have participated in a treatment program for:
>> -sex offenders
>>
>> Whether you have maintained a favorable recommendation for parole from the Department of Corrections.
>>
>> Whether you have maintained a clear conduct record and completed the Department of Corrections prescriptive

> program(s).
>
> Your efforts to secure an approved home plan will be submitted to the Board at the time of review.
>
> You may file an application for parole/reparole no sooner than 1 year after the date the last decision denying parole/reparole was recorded.

(Doc. 12, pp. 24-25). Following this denial, he filed the present petition arguing that his due process rights were violated because the decision to deny him parole was arbitrary in that it was not supported by evidence, and was based on impermissible factors. (Doc. 1, at 5-6.)

## II. Discussion

### A. Procedural Due Process

The Fourteenth Amendment provides that the State may not "deprive any person of life, liberty, or property without due process of law." U.S. Const. amend. XIV. An examination of a procedural due process claim under the Fourteenth Amendment proceeds in two steps. See Bd. of Regents of State Colls. v. Roth, 408 U.S. 564 (1972). First, the court must determine whether there exists a liberty or property interest which has been interfered with by the state. Kentucky Dept. of Corrs. v. Thompson, 490 U.S. 454, 460 (1989) (citing Bd. of Regents, 408 U.S. at 571). Second, if a petitioner establishes the existence of a protected interest, the court must examine whether the procedures attendant upon that deprivation were constitutionally sufficient. Id. (citing Hewitt v. Helms, 459 U.S. 460, 472 (1983)). Galarza cannot meet either criteria because there is "no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid

3

sentence." Greenholtz v. Inmates of Nebraska Penal & Corr. Complex, 442 U.S. 1, 7 (1979). Thus, absent the creation of a liberty interest in parole, a state's decision to deny parole does not create any procedural due process protections. Both the federal and Pennsylvania state courts have held that parole is not a constitutionally protected liberty interest under Pennsylvania law. Burkett v. Love, 89 F.3d 135, 139 (3d Cir. 1996); Rogers v. Pa. Bd. of Prob. & Parole, 555 Pa. 285, 724 A.2d 319, 323 (Pa. 1999). Galarza does not contend otherwise.

### B. Substantive Due Process

He does, however, contend that his substantive due process rights have been violated in that the PBPP's decision was arbitrary because it was not supported by evidence, and because it was based on impermissible factors. "Even if a state statute does not give rise to a liberty interest in parole release under Greenholtz, once a state institutes a parole system all prisoners have a liberty interest flowing directly from the due process clause in not being denied parole for arbitrary or constitutionally impermissible reasons." Block v. Potter, 631 F.2d 233, 236 (3d Cir.1980). "Although a person may have no 'right' to a valuable government benefit, and may be denied it for any number of reasons, 'there are some reasons upon which the government may not rely.'" Burkett, 89 F.3d at 139 (citing Perry v. Sindermann, 408 U.S. 593, 597 (1972)). Under substantive due process, a state may not deny parole on constitutionally impermissible grounds, such as race or in retaliation for exercising constitutional rights (two factors that are not alleged and are not present here). Id. at 140. In

4

addition, a state may not base a parole decision on factors bearing no rational relationship to the interests of the Commonwealth. Block, 631 F.2d at 237.

The United States Court of Appeals for the Third Circuit has stressed, however, that a substantive due process claim based upon alleged arbitrary and capricious action is not easily mounted because the relevant level of arbitrariness required involves not merely action that is unreasonable, but rather, something more egregious, at times "conscience shocking." Hunterson v. DiSabato, 308 F.3d 236, 246-47 (3d Cir. 2002). "[F]ederal courts are not authorized by the due process clause to second-guess parole boards and the requirements of substantive due process are met if there is some basis for the challenged decision." Coady v. Vaughn, 251 F.3d 480, 487 (3d Cir. 2001).

In the instant case, the reasons set forth by the PBPP for denying parole were permissible considerations. In deciding whether to grant parole, the Board is required to consider the protection of the safety of the public and in so doing, consider the nature and character of the offense committed, the general character and history of the inmate, as well as their written or personal statement, any testimony by the victim, and recommendations of the trial judge, district attorney and any warden or superintendent who has control over the inmate. Each reason provided by the PBPP falls within the realm of not only permissible, but required factors to be considered. Additionally, it is certainly legitimate for the Board to consider a prisoner's progress in rehabilitative programs before releasing him on parole. See e.g., McGinnis v. Royster, 410 U.S. 263, 277 (1973) (stating that it is legitimate for state to

afford prison officials adequate opportunity to evaluate an inmate's rehabilitative progress before considering him for parole eligibility). Thus, the PBPP's consideration of Galarza's progress, or lack thereof, in the sex offender treatment program bears a rational relationship to the Commonwealth's interest in determining whether he has been rehabilitated. The PBPP set forth the reasons supporting its denial and it cannot be disputed that there was "some basis" for the challenged decision. Moreover, he has failed to direct the court to any factor relied upon by the PBPP that could be described as "conscience shocking."

### III. Conclusion

Based on the foregoing, the petition for writ of habeas corpus will be denied. An appropriate order will issue.

BY THE COURT:

JUDGE JAMES M. MUNLEY
United States District Court

Dated: May 21, 2009

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HEYDER GALARZA, | : | CIVIL NO. 3:08-CV-1121 |
| Petitioner, | : | |
| | : | (Judge Munley) |
| v. | : | |
| PA BOARD OF PROBATION AND PAROLE, et al., | : | |
| Respondents | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## ORDER

AND NOW, to wit, this 27th day of May 2009, it is hereby **ORDERED** that:

1. The petition for writ of habeas corpus is DENIED.

2. The Clerk of Court is directed to CLOSE this case.

3. There is no basis for the issuance of a certificate of appealability.

BY THE COURT:

JUDGE JAMES M. MUNLEY
United States District Court